Filed: 4/9/15 (unmodified opn. attached)

**CERTIFIED FOR PARTIAL PUBLICATION**<sup>*</sup>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>MARK DWAYNE KEITH et al.,<br><br>      Defendants and Appellants. | B255005<br><br>(Los Angeles County<br>Super. Ct. No. BA409380)<br><br>MODIFICATION ORDER<br>[NO CHANGE IN JUDGMENT] |

The opinion filed April 6, 2015 is modified as follows:

1.  On the last line of page 1, "No appearance for Plaintiff and Respondent" is to be deleted and replaced with "Kamala Harris, Attorney General, and Tannaz Kouhpainezhad, Deputy Attorney General, for Plaintiff and Respondent."

2.  In the Part II (C) heading on page 5, "Penal Code" is to be deleted and replaced with "Health and Safety Code."

<br><br>

| | | |
|---|---|---|
| _____ | _____ | _____ |
| TURNER, P.J. | MOSK, J. | KRIEGLER, J. |

---

<sup>*</sup>      Pursuant to California Rules of Court, rules 8.1100(b) and 8.1110, this opinion is certified for publication with the exception of parts II (A), (B) and (D).

Filed: 4/6/15 (unmodified version)

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B255005 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA409380) |
| v. | |
| MARK DWAYNE KEITH et al., | |
| Defendants and Appellants. | |

APPEALS from judgments of the Superior Court of Los Angeles County, Barbara R. Johnson, Judge. Reversed in part, affirmed in part, and remanded with directions.

Jasmine Patel and Athena Shudde, under appointment by the Court of Appeal, for Defendants and Appellants.

No appearance for Plaintiff and Respondent.

---

[*] Pursuant to California Rules of Court, rules 8.1100(b) and 8.1110, this opinion is certified for publication with the exception of parts II (A), (B) and (D).

# I.  INTRODUCTION

A jury convicted co-defendants, Mark Dwayne Keith and Eric Edell Stokes, of cocaine base possession for sale and cocaine base transportation or sale respectively. (Health & Saf. Code, § 11351.5, § 11352, subd. (a).)  They committed these crimes on March 24, 2013.  Mr. Keith was sentenced to eight years in the county jail; the high term of *five* years for possession of cocaine base for sale, plus three years under Health and Safety Code section 11370.2, subdivision (a).  Mr. Stokes had previously sustained a prior serious or violent felony conviction.  (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.) Mr. Stokes was sentenced to 12 years in state prison.  As to Mr. Keith, we affirm the judgment of conviction but reverse the sentence.  Upon remittitur issuance, Mr. Keith is to be resentenced.  As to Mr. Stokes, we affirm the judgment but direct the abstract of judgment be amended.

# II.  DISCUSSION

[Parts II (A)-(B) are deleted from publication.  See *post* at page 5 where publication is to resume.]

## A.  Overview

We appointed counsel to represent defendants on appeal.  After examination of the record, appointed appellate counsel both filed opening briefs in which no issues were raised.  Instead, appointed appellate counsel requested we independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.)  On September 29, 2014, we advised Mr. Stokes that he had 30 days within which to personally submit any contentions or arguments he wished us to consider.  No response has been received from Mr. Stokes. On December 15, 2014, we advised Mr. Keith to the same effect.  Mr. Keith's response is

discussed below.  We have examined the entire record and are now satisfied that appointed appellate counsel have fully complied with their responsibilities.

## B.  Mr. Keith's Pro Se Contentions

Mr. Keith filed a letter brief on January 7, 2015.  Rock cocaine weighing 2.7 grams was recovered from Mr. Keith's person during a strip search following his arrest. Mr. Keith briefly asserts a Sixth Amendment confrontation right violation in that the officer who found the rock cocaine did not testify at trial.  Mr. Keith has not shown an objection on this ground was raised in the trial court.  Therefore, the contention has been forfeited.  (*People v. Lucas* (2014) 60 Cal.4th 153, 330; *People v. Riccardi* (2012) 54 Cal.4th 758, 827, fn. 33.)  In any event, Officer George Lara was present when an officer identified only as Officer Riojas strip searched Mr. Keith.  Officer Lara observed the recovery of the rock cocaine from Mr. Keith's person.  Officer Lara so testified at trial and was subject to cross-examination.  Mr. Keith was confronted with the witness against him and was allowed to cross-examine that witness.  There was no Sixth Amendment confrontation clause violation.  (See *Pointer v. Texas* (1965) 380 U.S. 400, 403-404; *People v. Burney* (2009) 47 Cal.4th 203, 230; *People v. Fletcher* (1996) 13 Cal.4th 451, 455.)

Mr. Keith made an unsuccessful evidence suppression motion at the preliminary hearing.  He renewed that motion in the trial court based on the preliminary hearing transcript.  The motion was denied.  Mr. Keith asserts his evidence suppression motion should have been granted because police officers lacked probable cause to arrest him. We disagree.

Our Supreme Court has held:  "Probable cause [to arrest] exists when the facts known to the arresting officer would persuade someone of 'reasonable caution' that the person to be arrested has committed a crime.  (*Dunaway v. New York* (1979) 442 U.S. 200, 208, fn. 9.)  '[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts.'  (*Illinois v. Gates* (1983) 462 U.S. 213, 232.)

3

It is incapable of precise definition. (*Maryland v. Pringle* (2003) 540 U.S. 366, 371.) "'The substance of all the definitions of probable cause is a reasonable ground for belief of guilt,'" and that belief must be 'particularized with respect to the person to be . . . seized.' (*Ibid.*)" (*People v. Celis* (2004) 33 Cal.4th 667, 673; accord, *People v. Scott* (2011) 52 Cal.4th 452, 474; *People v. Thompson* (2006) 38 Cal.4th 811, 818.) Further, "Law enforcement officers may 'draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that "might well elude an untrained person." [Citations.]' (*United States v. Arvizu* (2002) 534 U.S. 266, 273.)" (*People v. Hernandez* (2008) 45 Cal.4th 295, 299; accord, *People v. Letner* (2010) 50 Cal.4th 99, 145-146.) If the facts observed combined with an officer's experience and knowledge would lead a reasonable person to believe that a drug transaction was in progress, then there is probable cause to arrest. (*People v. Guajardo* (1994) 23 Cal.App.4th 1738, 1742; *People v. Limon* (1993) 17 Cal.App.4th 524, 534; *People v. Mims* (1992) 9 Cal.App.4th 1244, 1247.)

The applicable standard of review is well established. (*People v. Redd* (2010) 48 Cal.4th 691, 719; *People v. Glaser* (1995) 11 Cal.4th 354, 362.) As our Supreme Court has held: "We defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment. (*People v. Leyba* (1981) 29 Cal.3d 591, 596-597; *People v. Lawler* (1973) 9 Cal.3d 156, 160.)" (*People v. Glaser, supra,* 11 Cal.4th at p. 362; accord, *People v. Redd, supra,* 48 Cal.4th at p. 719.) The present facts are undisputed; therefore, this case presents a question of law. (*In re Raymond C.* (2008) 45 Cal.4th 303, 306; *People v. Hernandez* (2008) 45 Cal.4th 295, 299.)

Here, experienced police officers observed Mr. Keith's participation in a drug transaction at a public park. On March 24, 2013, police officers were conducting a narcotics investigation at a Los Angeles County park. Mr. Keith was seen walking through the park and in and out of it. Mr. Stokes, who was in a wheelchair, appeared to be conducting narcotics transactions on the street corner near the park's entrance. Mr.

4

Stokes spoke with Wanda Gray for a brief moment. Mr. Stokes handed Ms. Gray an off-white solid resembling rock cocaine base. Ms. Gray placed the item in her right jacket pocket. Ms. Gray handed currency to Mr. Stokes. Immediately following that transaction, Mr. Stokes approached Mr. Keith. The two men had a brief conversation. No one else was present. Mr. Stokes then placed light-colored, folded paper, which appeared to be currency, in Mr. Keith's pant pocket. Mr. Stokes returned to the street corner. An experienced narcotics officer testified based on his expertise that it was common for sellers to use homeless people to sell drugs in that area. The facts known to the officers and the inferences drawn based on their expertise would lead a reasonable person to believe a drug transaction had occurred. Therefore, the officers had probable cause to arrest Mr. Keith. (See *People v. Limon, supra,* 17 Cal.App.4th at pp. 529-534; *People v. Mims, supra,* 9 Cal.App.4th at pp. 1246-1249.)

Mr. Keith's reliance on *People v. Jones* (1991) 228 Cal.App.3d 519, 524, is misplaced. In *Jones,* the Court of Appeal for the First Appellate District, Division Two, held, "[T]he mere fact that [the defendant] received money from another person on the street in an area known for drug activity is insufficient justification for a detention." (*Ibid.*) Here, the preliminary hearing testimony established more than a simple exchange of money in an area known for drug transactions. We need not decide whether the *Jones* decision is correct.

[Part II (C) is to be published.]

C. Mr. Keith's Penal Code Section 11351.5 Sentence

Prior to January 1, 2015, a violation of Health and Safety Code section 11351.5 was punishable by *three, four or five years* in custody. (Former Health & Saf. Code, § 11351.5; Stats. 2011, ch. 15, § 153.) As noted above, Mr. Keith, who committed his crime on March 24, 2013, received a five-year sentence. However, effective January 1, 2015, Health and Safety Code section 11351.5 was amended to reduce the punishment to

5

*two, three or four years* in custody.  (Stats. 2014, ch. 749, § 3.)  Uncodified section 2 of Senate Bill No. 1010 (2013-2014 Reg. Sess.) states:  "(a)  The Legislature finds and declares that cocaine hydrochloride (powder cocaine) and cocaine base (crack cocaine) are two forms of the same drug, the effects of which on the human body are so similar that to mete out unequal punishment for the same crime (e.g., possession for sale of a particular form of cocaine), is wholly and cruelly unjust.  [¶]  (b)  It is the intent of the Legislature in enacting this act to provide that for the purposes of determining appropriate penalties for crimes relating to cocaine hydrochloride and cocaine base, including, but not limited to, the crime of possession, possession for sale, or transportation for sale, cocaine hydrochloride and cocaine base shall be treated in an identical manner."  (Stats. 2014, ch. 749, § 2.)

We asked the parties to brief the question whether, under *In re Estrada* (1965) 63 Cal.2d 740, 745, the reduced punishment for cocaine base possession for sale applies to Mr. Keith.  The parties agree that it does.  The 2014 amendment to Health and Safety Code section 11351.5 mitigates punishment, there is no savings clause and the judgment against Mr. Keith is not yet final.  Therefore, the amended version of the statute applies to him.  (*In re Estrada, supra,* 63 Cal.2d at p. 745; *People v. Hajek* (2014) 58 Cal.4th 1144, 1195-1196 [explaining *Estrada* analysis]; accord, *People v. Nasalga* (1996) 12 Cal.4th 784, 787, 789-798 [§ 12022.6, subd. (b) enhancement].)  Mr. Keith's sentence is reversed.  Upon remittitur issuance, defendant is to be resentenced.

[Part II (D) is deleted from publication.  See *post* at page 8 where publication is to resume.]

D.  The Abstracts of Judgment

The trial court imposed on each defendant a $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) "plus penalty assessment."  The abstracts of judgment must be amended to include the orally imposed penalty assessments,

6

specifically: a $50 state penalty (Pen. Code, § 1464, subd. (a)(1)); a $35 county penalty (Gov. Code, § 76000, subd. (a)(1)); a $10 state surcharge (Pen. Code, § 1465.7, subd. (a)); a $25 state court construction penalty (Gov. Code, § 70372, subd. (a)(1)); a $5 deoxyribonucleic acid penalty (Gov. Code, § 76104.6, subd. (a)(1)); a $20 state-only deoxyribonucleic acid penalty (Gov. Code, § 76104.7, subd. (a)); and a $10 emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1)). (*People v. Hamed* (2013) 221 Cal.App.4th 928, 937, 940; *People v. Sharret* (2011) 191 Cal.App.4th 859, 864; *People v. High* (2004) 119 Cal.App.4th 1192, 1199-1200.)

[The balance of the opinion is to be published.]

## III.  DISPOSITION

The judgment of conviction as to Mr. Keith is affirmed.  Mr. Keith's sentence is reversed.  Upon remittitur issuance, Mr. Keith is to be resentenced under Health and Safety Code section 11351.5 as amended effective January 1, 2015.  The superior court clerk is to amend Mr. Keith's abstract of judgment to reflect the new sentence.  The judgment as to Mr. Stokes is affirmed.  Further, both defendants' abstracts of judgment are to be amended to include the orally imposed penalties and surcharge on the $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)), specifically: a $50 state penalty (Pen. Code, § 1464, subd. (a)(1)); a $35 county penalty (Gov. Code, § 76000, subd. (a)(1)); a $10 state surcharge (Pen. Code, § 1465.7, subd. (a)); a $25 state court construction penalty (Gov. Code, § 70372, subd. (a)(1)); a $5 deoxyribonucleic acid penalty (Gov. Code, § 76104.6, subd. (a)(1)); a $20 state-only deoxyribonucleic acid penalty (Gov. Code, § 76104.7, subd. (a)); and a $10 emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1)).  The superior court clerk is to deliver copies of the amended abstracts of judgment to the Department of Corrections and Rehabilitation.

CERTIFIED FOR PARTIAL PUBLICATION

TURNER, P. J.

We concur:

MOSK, J.

KRIEGLER, J.

8