Filed 5/29/15  P. v. Slaughter CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067246 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD242917) |
| JOSEPH F. SLAUGHTER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed in part, reversed in part and remanded.

Robert H. Rexrode, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Lynne G. McGinnis and Eric A. Swenson, Deputy Attorneys General for Plaintiff and Respondent.

In August 2012, Joseph F. Slaughter possessed cocaine base for sale. In September, he entered a negotiated guilty plea to possessing cocaine base for sale (Health & Saf. Code, § 11351.5).[1] In October, the court stayed imposition of sentence and placed Slaughter on three years' probation. In 2013, the court revoked and reinstated probation. In October 2014, the court revoked probation and sentenced Slaughter to local custody for "the low term of three years." Slaughter appeals, contending he should be resentenced under the 2014 amendment to section 11351.5, effective January 1, 2015, which replaced the previous lower, middle and upper terms of three, four or five years with terms of two, three, or four years. (§ 11351.5, Stats. 2014, ch. 749, § 3, eff. Jan. 1, 2015.) Respondent correctly concedes the point.

The Legislature's intent in amending section 11351.5 was to rectify the injustice of punishing crimes involving cocaine base (crack cocaine) more harshly than crimes involving powder cocaine (cocaine hydrochloride). (Stats. 2014, ch. 749, § 2.) The amendment reduces the punishment for violating section 11351.5; we presume, in the absence of any contrary indication, that the Legislature intended the amendment to apply to all defendants whose convictions are not yet final. Thus, Slaughter is entitled to be resentenced under the more lenient sentencing scheme of the amended version of section 11351.5. (*People v. Keith* (2015) 235 Cal.App.4th 983, 985-986, citing *In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1195-1196; *People v. Nasalga* (1996) 12 Cal.4th 784, 787, 789-798.)

---

[1] Further statutory references are to the Health and Safety Code.

## DISPOSITION

The judgment of conviction is affirmed.  The sentence is reversed and the case is remanded for resentencing under the amended version of section 11351.5

AARON, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.