Filed 11/30/15  P. v. Gutierrez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALFONSO MARTINEZ GUTIERREZ,<br><br>Defendant and Appellant. | H041596<br>(Monterey County<br>Super. Ct. No. SS130032A) |

## I.  INTRODUCTION

Defendant Alfonso Martinez Gutierrez[1] was convicted after a court trial of possession for sale of cocaine base (former Health & Saf. Code, § 11351.5),[2] and the court found true the allegations that the cocaine base weighed over one kilogram (§ 11370.4, subd. (a)(1)) and that defendant had suffered a specified prior conviction (§ 11370.2, subd. (a)).  The trial court sentenced defendant to jail for eight years and ordered defendant to pay various amounts, including a $2,400 restitution fine.

On appeal, defendant contends that (1) there is insufficient evidence to support the quantity enhancement (§ 11370.4, subd. (a)(1)), (2) he must be resentenced for possession for sale of cocaine base under an amended version of section 11351.5, which

---

[1] The record on appeal contains documents spelling defendant's name as "Gutierrez" and "Guttierrez."

[2] All further statutory references are to the Health and Safety Code unless otherwise indicated.

reduced the punishment for a violation of that section, and (3) trial counsel rendered ineffective assistance of counsel by failing to object to the amount of the restitution fine.

For reasons that we will explain, we will reverse the judgment and remand the matter for resentencing under the amended version of section 11351.5. We will also order the quantity enhancement stricken.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Information and Court Trial*

Defendant was charged by information with possession for sale of cocaine base (former § 11351.5; count 1), possession for sale of cocaine (§ 11351; count 2), possession for sale of methamphetamine (§ 11378; count 3), and possession for sale of marijuana (§ 11359; count 4). The offenses allegedly took place on or about January 6, 2013. Relevant to this appeal, the information alleged that, as to count 1 (possession for sale of cocaine base), the cocaine base weighed over one kilogram (§ 11370.4, subd. (a)(1)) and defendant had suffered a specified prior conviction (§ 11370.2, subd. (a)), and as to count 2 (possession for sale of cocaine), the cocaine weighed over one kilogram (§ 11370.4, subd. (a)(1)).

Defendant waived his right to a jury trial on count 1, possession for sale of cocaine base (former § 11351.5), and the associated quantity and prior conviction enhancements (§§ 11370.4, subd. (a)(1), 11370.2, subd. (a)). Defendant entered the waiver with the understanding that there would be a "top of nine years." The parties apparently agreed that the remaining counts and allegations would be dismissed at sentencing.

At the outset of the trial, the court observed that one of the main issues in the case was whether the prosecution could prove the quantity enhancement by combining the weight of cocaine and cocaine base. According to the evidence presented at trial, law enforcement obtained a search warrant for defendant, his vehicle, and his residence. Upon executing the warrant in January 2013, law enforcement found 787.224 grams of

cocaine and 217.963 grams of cocaine base, or a combined total of 1005.187 grams, as well methamphetamine and marijuana.

The trial court found defendant guilty of possession for sale of cocaine base (former § 11351.5; count 1), and found true the allegations that the cocaine base weighed over one kilogram (§ 11370.4, subd. (a)(1)) and that defendant had suffered a specified prior conviction (§ 11370.2, subd. (a)). The court's finding regarding the quantity enhancement was based "on the theory that both cocaine and cocaine base contain the requisite controlled substance."

**B.** *Sentencing*

The sentencing hearing was held in October 2014. The trial court sentenced defendant to jail for eight years. The sentence consists of the upper term of five years for possession for sale of cocaine base (former § 11351.5; count 1), with a consecutive term of three years for the prior conviction allegation (§ 11370.2, subd. (a)). The court struck the punishment for the quantity enhancement (§ 11370.4, subd. (a)(1)). The remaining counts and allegations were dismissed.

### III. DISCUSSION

**A.** *Quantity Enhancement*

The evidence established that defendant possessed for sale 217.963 grams of cocaine base, which is less than one kilogram. The evidence also established that defendant possessed for sale 787.224 grams of cocaine, which is less than one kilogram, on the same date. Possession for sale of the cocaine base was charged as a violation of section 11351.5 (count 1), while possession for sale of the cocaine was charged as a violation of section 11351 (count 2).

Defendant contends that there is insufficient evidence as a matter of law to support the true finding on the quantity enhancement allegation (§ 11370.4, subd. (a)(1)) as to count 1, possession for sale of cocaine base. He argues that he possessed less than one kilogram of cocaine base and less than one kilogram of cocaine, and that the two

3

substances may not be aggregated in order to satisfy the one kilogram quantity enhancement allegation. Defendant further argues that his right to due process was violated by the court's reliance on evidence concerning the amount of cocaine, because such evidence formed the basis for count 2, possession for sale of cocaine, and a quantity enhancement, both of which were dismissed pursuant to a plea bargain.

The Attorney General acknowledges that the quantity possessed by defendant in this case exceeds one kilogram only if the cocaine base and cocaine are added together. The Attorney General further concedes that, at the time of defendant's crime, the language of section 11370.4, subdivision (a)(1) "preclude[d] aggregating the drugs . . . to calculate a substance's total weight" for purposes of the quantity enhancement. We determine that the concession is appropriate.

Section 11370.4 provides, in pertinent part: "(a) Any person convicted of a violation of . . . Section 11351, 11351.5, or 11352 with respect to a substance containing heroin, cocaine base as specified in paragraph (1) of subdivision (f) of Section 11054, or cocaine as specified in paragraph (6) of subdivision (b) of Section 11055 shall receive an additional term as follows: [¶] (1) Where the substance exceeds one kilogram by weight, the person shall receive an additional term of three years."

In construing section 11370.4, we apply settled rules of statutory construction. " 'The goal of statutory construction is to ascertain and effectuate the intent of the Legislature. [Citation.] Ordinarily, the words of the statute provide the most reliable indication of legislative intent. [Citation.] When the statutory language is ambiguous, the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes. [Citations.]' [Citation.] ' "When the language is susceptible of more than one reasonable interpretation . . . , we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy,

4

contemporaneous administrative construction, and the statutory scheme of which the statute is a part." ' [Citation.]" (*People v. Jefferson* (1999) 21 Cal.4th 86, 94.)

The Legislature has specified that its purpose in enacting section 11370.4 was " 'to punish more severely those persons who are in the regular business of trafficking in, or production of, narcotics and those persons who deal in large quantities of narcotics as opposed to individuals who have a less serious, occasional, or relatively minor role in this activity.' (Stats. 1985, ch. 1398, § 1, p. 4948.)" (*People v. Pieters* (1991) 52 Cal.3d 894, 898.) With this purpose in mind, we begin our analysis of the statute.

The quantity enhancement applies where the defendant has been convicted of "a violation of . . . Section 11351, 11351.5, or 11352 with respect to a substance containing heroin, cocaine base as specified in paragraph (1) of subdivision (f) of Section 11054, or cocaine as specified in paragraph (6) of subdivision (b) of Section 11055 . . . ." (§ 11370.4, subd. (a).) The statute thus lists the qualifying violations and the qualifying substances in the disjunctive. The violation must involve "a substance containing heroin, cocaine base . . . , or cocaine . . . ." (*Ibid.*)

Read literally, the quantity enhancement applies to "a violation" of the specified statutes with respect to "a substance" containing heroin, cocaine base, or cocaine, which weighs over one kilogram. (§ 11370.4, subd. (a).) "[T]he term 'substance' refers to *one* of these enumerated drugs . . . ." (*People v. Lopez* (1993) 20 Cal.App.4th 897, 902, italics added.) Under a common-sense interpretation of this language, the quantity enhancement applies where one of the qualifying substances weighs over a kilogram. Nothing in the statutory language indicates that multiple substances charged as different violations may be aggregated.

Here, the quantity enhancement was alleged as to count 1, a "violation" of former section 11351.5, possession for sale of *cocaine base*. The evidence established that the cocaine base involved in that count weighed 217.963 grams, which is less than one kilogram. There was no evidence that defendant possessed for sale any additional

5

cocaine base at the same time. Although there was evidence that defendant possessed for sale 787.224 grams of *cocaine* at the same time, the statute clearly states that the quantity enhancement applies to "a substance" containing *either* cocaine base or cocaine. (§ 11370.4, subd. (a).) Moreover, the possession for sale of the cocaine was charged in count 2 separate from the possession for sale of cocaine base, there was a separate quantity enhancement alleged as to the count pertaining to cocaine, and the count pertaining to cocaine and the associated quantity enhancement were both dismissed.

We have reviewed the legislative history of section 11370.4. The legislative history does not address the question whether different narcotics substances may be aggregated to reach the minimum quantity required for imposition of the enhancement.

Moreover, the Legislature could rationally determine that the quantity enhancement should apply only where a defendant possesses for sale over one kilogram of a particular substance, so as to ensure that the punishment for the offense will be commensurate with the defendant's culpability. At the time defendant committed his offense, possession for sale of less than a kilogram of cocaine base was punishable by a term of three, four, or five years. (Former § 11351.5; Stats. 2011, ch. 15, § 153.) Where the weight of the substance is over one kilogram, the punishment is increased by a term of three years. (§ 11370.4, subd. (a)(1).) Where the defendant possesses for sale cocaine, cocaine base, and heroin, he or she may receive three separate convictions and three separate sentences. The fact that a person dealing in multiple substances may receive multiple convictions and sentences ensures that punishment will be commensurate with culpability.

Applying settled rules of statutory construction, we conclude that the evidence was insufficient, as a matter of law, to support the quantity enhancement alleged pursuant to section 11370.4, subdivision (a)(1), as to count 1, possession for sale of cocaine base,

6

since there is no indication that the statute permits aggregation of different substances in calculating quantity.[3] We will therefore order that the enhancement be stricken.

## B. *Punishment Under Section 11351.5*

Defendant committed the offense of possession for sale of cocaine base in January 2013. In October 2014, the trial court sentenced defendant to the upper term of five years for possession for sale of cocaine base (former § 11351.5). On appeal, defendant observes that section 11351.5 has since been amended to reduce the punishment, and a violation of section 11351.5 is now punishable by two, three, or four years. Defendant argues that he must be resentenced under the amended statute because the amended statute mitigates punishment, there is no savings clause, and the judgment against him is not final.

The Attorney General concedes that defendant must be resentenced under the amended statute. We find the concession appropriate.

The same issue was addressed in *People v. Keith* (2015) 235 Cal.App.4th 983 (*Keith*). In *Keith*, the defendant, similar to defendant in this case, committed his crime in 2013 and received a five-year sentence. (*Id.* at p. 985.) The court explained: "Prior to

---

[3] The Legislature enacted the California Fair Sentencing Act effective January 1, 2015. (Stats. 2014, ch. 749, § 3; *People v. Keith* (2015) 235 Cal.App.4th 983, 985.) An uncodified section states: "(a) The Legislature finds and declares that cocaine hydrochloride (powder cocaine) and cocaine base (crack cocaine) are two forms of the same drug, the effects of which on the human body are so similar that to mete out unequal punishment for the same crime (e.g., possession for sale of a particular form of cocaine), is wholly and cruelly unjust. [¶] (b) It is the intent of the Legislature in enacting this act to provide that for the purposes of determining appropriate penalties for crimes relating to cocaine hydrochloride and cocaine base, including, but not limited to, the crime of possession, possession for sale, or transportation for sale, cocaine hydrochloride and cocaine base shall be treated in an identical manner." (Stats. 2014, ch. 749, § 2.)

As defendant committed his offense before the effective date of the legislation, we do not address whether the legislation provides a basis for concluding that cocaine and cocaine base may be aggregated for purposes of a quantity enhancement under section 11370.4, subdivision (a) for crimes committed after January 1, 2015.

7

January 1, 2015, a violation of Health and Safety Code section 11351.5 was punishable by *three, four or five years* in custody. (Health & Saf. Code, former § 11351.5; Stats. 2011, ch. 15, § 153.) . . . However, effective January 1, 2015, Health and Safety Code section 11351.5 was amended to reduce the punishment to *two, three or four years* in custody. (Stats. 2014, ch. 749, § 3.)" (*Ibid.*) The court determined that the amended version of the statute applied to the defendant because the amendment "mitigates punishment, there is no savings clause and the judgment against [the defendant] is not yet final." (*Ibid.*) For the same reasons, we conclude that defendant must be resentenced under the current amended version of section 11351.5.

### C. *Restitution Fine*

In the probation report, the probation officer stated the following regarding a restitution fine: "It is . . . recommended that the defendant be required to pay a restitution fine of $300.00 times the number of years, times the number of felony counts for a total restitution fine of $3000.00 (PC §1202.4(b)(2))." The $3,000 amount is crossed out by hand and below it is handwritten the amount of $2,400. It is not clear from the record who made the hand markings. At sentencing, the trial court ordered defendant to pay a restitution fine of $2,400 without explaining how the court arrived at the amount.

Defendant contends that his trial counsel rendered ineffective assistance by failing to object when the trial court imposed a restitution fine that appeared to have been calculated by using the statutory formula and the statutory minimum restitution fine in effect at the time of sentencing ($300) in October 2014 to reach the sum of $2,400, rather than using the statutory minimum restitution fine in effect in January 2013 ($280) when defendant committed his offense to reach a sum of $2,240.

The Attorney General states that, although the restitution fine imposed by the trial court "may be the result of an incorrect application of the calculation method provided under Penal Code section 1202.4, subdivision (b)(2), the $2,400 fine was permissible." The Attorney General states that, because defendant must be resentenced in this case,

8

"the trial court may address the restitution fine on remand and recalculate it or clarify the method by which it was calculated."

Penal Code section 1202.4 provides that "[t]he restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than . . . two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000)." (Pen. Code, § 1202.4, subd. (b)(1).) Further, "[i]n setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine . . . multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (*Id.*, subd. (b)(2).) "In setting the amount of the fine . . . in excess of the minimum fine . . . , the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime. Those losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Consideration of a defendant's inability to pay may include his or her future earning capacity. A defendant shall bear the burden of demonstrating his or her inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required." (*Id.*, subd. (d).)

" 'In order to establish a claim of ineffective assistance of counsel, defendant bears the burden of demonstrating, first, that counsel's performance was deficient because it "fell below an objective standard of reasonableness [¶] . . . under prevailing professional norms." [Citations.] Unless a defendant establishes the contrary, we shall presume that

9

"counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." [Citation.] If the record "sheds no light on why counsel acted or failed to act in the manner challenged," an appellate claim of ineffective assistance of counsel must be rejected "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." [Citations.] If a defendant meets the burden of establishing that counsel's performance was deficient, he or she also must show that counsel's deficiencies resulted in prejudice, that is, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [Citation.]' [Citation.]" (*People v. Lopez* (2008) 42 Cal.4th 960, 966.)

In this case, it is not clear from the record whether the trial court intended to use the statutory formula and the statutory minimum at the time, which was $280, in calculating defendant's restitution fine, which would have resulted in a restitution fine of $2,240. The record also sheds no light on why trial counsel did not object to the restitution fine. As a result, defendant fails to show deficient performance by trial counsel and resulting prejudice. Nevertheless, because we are remanding the matter for resentencing, defendant may raise the issue of the calculation of the restitution fine and the statutory minimum in effect at the time of his offense, and the trial court may consider the issue anew. (See *People v. Rosas* (2010) 191 Cal.App.4th 107, 119-120, 121.)

## IV. DISPOSITION

The judgment is reversed and the matter is remanded for resentencing on count 1, possession for sale of cocaine base, under Health and Safety Code section 11351.5 as amended effective January 1, 2015. The associated quantity enhancement alleged pursuant to Health and Safety Code section 11370.4, subdivision (a)(1) is ordered stricken.

10

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
MIHARA, J.