Filed 3/2/16  P. v. Ortiz CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DARIAN MONIQUE ORTIZ,<br><br>    Defendant and Appellant. | D068252<br><br><br><br>(Super. Ct. No. SCD256078) |

APPEAL from a judgment of the Superior Court of San Diego County, Jay Bloom, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Sarita Ordonez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, for Plaintiff and Respondent.

In September 2014, Darian Monique Ortiz pleaded guilty to possession or purchase of cocaine base for sale.  (Health & Saf. Code, § 11351.5.)  The court sentenced her concurrently in this case and *People v. Ortiz* (Super. Ct. S.D. County, 2014, No. SCD255607) and placed her on three years formal probation on condition she spend 365

days in local custody. Ortiz violated the terms of her probation by not participating in a program at a transitional living center.

In February 2015, Ortiz was arrested, gave police a false name, and destroyed two glass cylinders that were later identified as paraphernalia used for ingesting illegal substances. Ortiz was charged with destroying or concealing evidence (Pen. Code, § 135), possession of unlawful paraphernalia (Health & Saf. Code, § 11364, subd. (a)) and using or being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)). Ortiz subsequently failed to meet with her probation officer as required and a bench warrant was issued for her arrest. In April 2015, the court denied probation. It sentenced her to the "midterm . . . which is four years local prison" on the Health and Safety Code section 11351.5 violation, "based on the fact this is an eighteenth criminal conviction."

In June 2015, the court denied Ortiz's request to reconsider the four-year prison sentence and instead resentenced her to parole. Ortiz appeals under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We offered Ortiz the opportunity to file her own brief on appeal but she has not responded.

DISCUSSION

Appellate counsel indicates she is unable to identify any reasonably arguable issues for appeal and has asked this court to review the record for error. (*Wende, supra,* 25 Cal.3d 436.) We have reviewed the entire record consistent with the mandate of

2

*Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738.  We have identified one issue for reversal on appeal.

Health and Safety Code section 11351.5 specifies the punishment for possession of cocaine base for sale.  Ortiz was sentenced to prison to the four-year middle term.  On the dates she committed the crime and subsequently pleaded guilty to it, the punishment for cocaine base possession for sale ranged from a three-year low term, a four-year middle term, to a five-year upper term.  On September 28, 2014, the Legislature enacted the California Fair Sentencing Act, which amended Health and Safety Code section 11351.5 to reduce the punishment to a two-year low term, a three-year middle term, and a four-year upper term.  This amendment became effective January 1, 2015.  (Stats. 2014, ch. 749, §§ 1, 3.)  The modification has been held to apply retroactively.  (*People v. Keith* (2015) 235 Cal.App.4th 983, 985.)

Therefore, if the court intended to sentence Ortiz to the middle term, it erred by not correctly applying the modified statute's provision.  Whether to impose the two-year low term, the three-year middle term, or the four-year upper term under the statute rests within the sound discretion of the trial court, not this reviewing court.  (See *People v. Keith, supra*, 235 Cal.App.4th at p. 986 [resentencing upon remittitur issuance].)  Accordingly, we remand the matter for the trial court to resentence Ortiz.

DISPOSITION

The judgment of conviction is affirmed; the sentence is reversed and the matter remanded to the superior court with directions to resentence Darian Monique Ortiz in accordance with Health and Safety Code section 11351.5 as amended effective January 1, 2015. (See *People v. Keith, supra,* 235 Cal.App.4th at p. 986.) The superior court is to prepare an amended abstract of judgment reflecting that sentence and forward a certified copy of the abstract to the Department of Corrections and Rehabilitation.


O'ROURKE, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.