Filed 8/29/16  P. v. Driver CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064750 |
| v. | (Super.Ct.No. FSB1201484) |
| TOMMY JUNIOR DRIVER II, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kyle S. Brodie, Judge.  Affirmed as modified.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Scott C. Taylor and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Tommy Junior Driver II of possessing cocaine base for sale (Health & Saf. Code, § 11351.5) (Section 11351.5) and found that the offense had been committed for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)). The trial court subsequently found true a prior strike conviction allegation (Pen. Code, § 667, subds. (b)-(i); Pen. Code, § 1170.12, subds. (a)-(d)) and denied a defense request to strike that strike. Defendant received an aggregate sentence of 13 years in prison, including a low term of two years for possessing cocaine for sale, despite the fact that Section 11351.5 required a minimum sentence of three years, not two. (*People v. Driver* (Dec. 29, 2015, E059681) [nonpub. opn.].)[1] Defendant appealed, challenging the sufficiency of the evidence supporting his gang enhancement and his prior serious or violent felony conviction. (*Ibid*.) While his appeal was pending, the sentencing range for his possessing cocaine for sale offense was amended to reduce the low term to two years. The trial court, realizing its original sentence was improper under the old law, and apparently unaware that the sentencing range in the statute had been amended, resentenced defendant to a low term of three years.

On appeal, defendant contends his resentencing was done in error because he is entitled to the benefit of the amended statute, which lowered punishment for possessing cocaine for sale from three years to two years. (*In re Estrada* (1965) 63 Cal.2d 740, 748 (*Estrada*).) The People agree and so do we.

---

[1] We have taken judicial notice of our opinion in defendant's first appeal, *People v. Driver*, *supra*, E059681.)

## I. FACTS

Because the facts are not germane to the issue raised on appeal, we omit a factual summary of the case. However, this court's opinion in the underlying case contains a detailed statement of facts. (*People v. Driver*, *supra*, E059681).)

## II. DISCUSSION

Defendant contends that he is entitled to retroactive application of the amended version of Section 11351.5, which would reduce his low term sentence for possessing cocaine for sale from three years to two years.

**A. Background.**

On January 10, 2013, defendant was sentenced to a total term of 13 years in state prison. On the principal count of possession of cocaine for sale, the court imposed the low term of two years, doubled because of defendant's strike prior. After this sentence was imposed, the Department of Corrections and Rehabilitation informed the court that the minimum sentence for a violation of Section 11351.5 was three years.

On October 2, 2015, after determining that the Department of Corrections and Rehabilitation was correct, and that the court had erred in sentencing defendant to a principal term of two years, the court resentenced defendant. The court increased defendant's sentence on the principal count from two years to three years, doubled because of defendant's strike prior. However, the court stated, "I'm still going to impose the low term for the reasons that I imposed the low term originally." The remainder of the sentence was identical, and thus defendant's total sentence increased from 13 years to 15 years.

3

**B. Applicable Law.**

Prior to 2015, Section 11351.5 punished possession of cocaine for sale for a period of three, four, or five years. (*People v. Keith* (2015) 235 Cal.App.4th 983, 985 (*Keith*).) On January 1, 2015, the California Fair Sentencing Act became effective. This Act amended Section 11351.5 to reduce punishment for possessing cocaine for sale to a period of two, three, and four years. (Stats. 2014, ch. 749, § 3.) The amended version of the statute applies retroactively, under the *Estrada* doctrine, to defendants whose judgments were not yet final on January 1, 2015. (*Keith*, *supra*, at p. 985.)

**C. Analysis.**

Defendant contends, and the People agree, that he is entitled to the benefit of the amended version of Section 11351.5, because the amendment became effective prior to his judgment becoming final, the amendment reduced punishment, and the amendment contained no savings clause.

In *Estrada*, the California Supreme Court held that, absent evidence to the contrary, lawmakers are presumed to intend statutes that reduce punishment to apply not just prospectively to future defendants, but also to all defendants whose judgments are not yet final on the statute's operative date. (*Estrada*, *supra*, 63 Cal.2d at p. 748.) In *Keith,* the appellate court held that the Legislature's amendment to Section 11351.1 should be applied retroactively to defendants whose judgments were not yet final at the time the amendment became effective. (*Keith*, *supra*, 235 Cal.App.4th at p. 985.)

Pursuant to *Estrada* and *Keith*, defendant is entitled to receive the benefit of amended Section 11351.1. The trial court imposed a sentence of three years, doubled

4

because of defendant's strike prior. However, the correct sentence is two years, doubled because of defendant's strike prior. Typically, when a sentence is reduced by a significant amount we would remand the matter back to the trial court for resentencing, in order to protect the People's interest in having the appropriate sentence pronounced. (*People v. Burns* (1984) 158 Cal.App.3d 1178, 1183.) However, when a trial court clearly indicates how it intends to exercise its sentencing discretion, but misapplies the law, remand is unnecessary as the appellate court may simply modify the judgment to correct the trial court's error. (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944 [recognizing that where a sentencing court misunderstands the scope of its sentencing discretion but nonetheless affirmatively indicates on the record that is how it would have exercised such discretion, remand is unnecessary]; *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1896 [remand unnecessary where record clearly indicated how sentencing court would have exercised its discretion].) Here, the trial court indicated its intention of sentencing defendant to the lowest principal term which is two years. Therefore, we will modify defendant's sentence in our disposition.

### III. DISPOSITION

The judgment is modified to reflect defendant's sentence on possession of cocaine for sale (Section 11351.5) is two years, doubled to four because of defendant's strike prior. The trial court is directed to issue an amended abstract of judgment reflecting the

5

modified sentence and forward it to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

                                                HOLLENHORST
                                                        Acting P. J.

We concur:

        MCKINSTER
                        J.

        MILLER
                        J.