Filed 9/17/21  P. v. Whicker CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>STACEY JEROME WHICKER,<br><br>     Defendant and Appellant. | B307526<br><br>(Los Angeles County<br>Super. Ct. No. MA058071) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Modified and affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2014, the trial court sentenced defendant and appellant Stacey Jerome Whicker to a lengthy prison term. In 2020, the court was advised that the sentence was unauthorized and accordingly resentenced defendant. Defendant timely appeals, arguing that in resentencing defendant, the trial court erred in not striking his prior prison term enhancement (Pen. Code, § 667.5, subd. (b)) due to an intervening change in the law.[1] The Attorney General agrees that the new law applies to nonfinal convictions, but argues the resentencing did not render the previously final judgment nonfinal. We conclude that the resentencing reopened the finality of the judgment and defendant is therefore entitled to the benefit of the new law. We also observe the resentencing itself was erroneous in one respect and must be corrected. We modify the sentence to correct these errors and otherwise affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

As this appeal involves only sentencing issues, we omit any discussion of the facts of defendant's crimes.

In 2013, an information charged defendant with seven counts, all committed on December 1, 2012. Also alleged were a number of enhancement allegations, including two prior prison term enhancements. In 2014, he was convicted as charged and admitted the prior prison terms.[2]

---

[1] All undesignated statutory references are to the Penal Code.

[2] On defendant's motion, we have taken judicial notice of the opinion in defendant's prior appeal. (*People v. Whicker* (Aug. 7, 2015, B255716) [nonpub. opn.].)

2

On April 16, 2014, the court sentenced defendant. In 2015, a prior panel of this division ordered his sentence modified. (*People v. Whicker, supra,* B255716.) The sentence, as modified, was as follows: A base term of 25 years to life (as a third strike sentence) for one count of assault with a firearm (Pen. Code, §§ 245, subd. (a)(2), 1170.12), enhanced with 10 years for use of a firearm (Pen. Code, § 12022.5, subd. (a)), 5 years for a prior serious felony (Pen. Code, § 667, subd. (a)), and 1 year for a prior prison term[3] (Pen. Code, § 667.5, subd. (b)), resulting in a term of 25 to life, plus 16 years on that count. For a second count of assault with a firearm, the court imposed a consecutive term of 25 years to life plus 15 years (identical to count one, with the exception of the prior prison term enhancement); for felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)), defendant was sentenced to 16 months (1/3 the midterm doubled); for possession for sale of cocaine (Health & Saf. Code, § 11351), defendant was sentenced to 2 years (1/3 the midterm doubled); and for possession for sale of cocaine base (Health & Saf. Code, § 11351.5) defendant was sentenced to 2 years (1/3 the midterm doubled). Sentences on two counts were stayed (Pen. Code, § 654). The total sentence was 50 years to life plus 36 years and 4 months.

Several years later, on June 15, 2020, the Department of Corrections and Rehabilitation wrote the trial court, pointing out what it believed to be two additional errors in defendant's sentence. First, as to possession for sale of cocaine base, the trial court had used the sentencing triad which became effective in

---

[3] Although defendant had admitted two prior prison terms, the court imposed only a single enhancement.

2015 (2, 3, or 4 years); the triad effective when the crime was committed in 2012 was 3, 4, or 5 years.[4]  Second, the trial court had sentenced *all* determinate terms consecutively at one-third the midterm; the court had failed to designate one of the determinate terms as the principal term and impose either fully consecutive or fully concurrent sentences.  (See Cal. Rules of Court, rule 4.451(a).)

Upon receiving the letter, the court set the matter for "correction of the sentence."  On September 3, 2020, a hearing was held, with defendant, his counsel, and the district attorney present.  The court changed defendant's sentence, nunc pro tunc to the initial date of sentencing.  The trial court repeatedly used the word "resentence" to describe the action it was taking.  The court restated the indeterminate terms – including the one-year prior prison term enhancement – and modified the determinate term.  Consistent with the Department's letter, the court selected possession for sale of cocaine base as the principal determinate term, imposing the full middle term of 4 years (under the statute effective in 2012), doubled to 8 years, with the other two determinate terms (2 years and 16 months) remaining as before.

---

[4]     When defendant was originally sentenced in 2014, the trial court apparently used the triad which would not become effective until 2015.  While this may have been premature at the time of the 2014 sentencing, defendant's case was on appeal when the new law went into effect, and he was therefore entitled to its benefit, as we discuss below.  By the time the Department of Corrections raised the issue in 2020, the fact that the trial court had used the 2015 triad was not error.  Neither the trial court, nor the parties, recognized the Department of Corrections was leading them astray.

4

Defendant's final sentence consisted of 50 years to life plus 42 years 4 months in prison.

Defendant filed a timely notice of appeal.

## DISCUSSION

### 1. *The Prior Prison Term Enhancement Was Improper*

The sole issue raised by defendant on appeal is whether his sentence was lawfully enhanced by the one-year prior prison term. Effective January 1, 2020, Senate Bill No. 136 (Stats. 2019, ch. 590, § 1) amended section 667.5, subdivision (b) to eliminate the one-year enhancement for prison priors for nonsexually violent prior offenses. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 588.) It is undisputed that defendant's prior prison terms were for nonsexually violent offenses. It is also undisputed that Senate Bill No. 136 applies retroactively to nonfinal judgments, under *In re Estrada* (1965) 63 Cal.2d 740, 745. (*Shaw,* at p. 588; see *People v. Esquivel* (2021) 11 Cal.5th 671, ___, fn. 1 [2021 WL 2461206, *1, fn. 1].)

"When new legislation reduces the punishment for an offense, we presume that the legislation applies to all cases not yet final as of the legislation's effective date." (*People v. Esquivel, supra*, 11 Cal.5th at p. ___ [2021 WL 2461206, *1].) However, finality "is not a binary concept and judgments can be final for some purposes but not others." (*People v. Lopez* (2020) 56 Cal.App.5th 835, 847, review granted Jan. 27, 2021, S265936.) "A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired. [Citation.]" (*People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5.) Here, defendant's judgment initially became final long before the 2020 resentencing. The issue is whether the resentencing on September 3, 2020, had the

5

effect of rendering his judgment nonfinal for the purposes of retroactivity.

Defendant was resentenced in 2020 because his initial sentence was illegal. (*See People v. Reyes* (1989) 212 Cal.App.3d 852, 857 [an illegal sentence may be corrected at any time].) In determining whether defendant's new sentence results in a new finality date, we look to resentencing cases under section 1170, subdivision (d)(1). That subdivision, which permits the trial court to recall and resentence the defendant on its own motion within 120 days of commitment, or at any time upon the recommendation of correctional officials, is analogous.[5] This court has previously held that recall and resentencing under section 1170, subdivision (d)(1) renders the sentence nonfinal for the purposes of retroactivity. (*People v. Hwang* (2021) 60 Cal.App.5th 358, 366, review granted Apr. 14, 2021, S267274 [resentencing permitted defendant to be eligible for Proposition

---

[5] Section 1170, subdivision (d)(1) provides, in pertinent part, "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison or a county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."

36 juvenile adjudication]; see also *People v. Lopez, supra,* 56 Cal.App.5th at p. 845. Contra *People v. Federico* (2020) 50 Cal.App.5th 318, 326-327, review granted Aug. 26, 2020, S263082.) "Because a resentencing under section 1170, subdivision (d)(1) replaces the original sentence, the original sentence is no longer operative, and the finality of the original sentence is no longer material. The only sentence that matters after resentencing under section 1170, subdivision (d)(1) is the new sentence, which is not final because a resentenced defendant can still obtain review from the California Supreme Court or the United States Supreme Court." (*Lopez,* at p. 845.)

Although defendant was resentenced because his original sentence was illegal, and not under the permissive section 1170, subdivision (d)(1), that distinction is immaterial.[6] Defendant's new sentence replaced his original, illegal sentence, and the previous "finality" of the original sentence became immaterial. (See also *People v. Walker* (2021) 67 Cal.App.5th 198 [when a court is conducting a resentencing on remand, it is required to correct a different part of the sentence that has become incorrect by the time of resentencing]; *People v. Hill* (1986) 185 Cal.App.3d

---

[6]     In its respondent's brief, the Attorney General pointed out that defendant "was not resentenced under section 1170, subdivision (d)(1), but pursuant to the 'well-settled rule of law that an illegal sentence may be corrected at any time, even if the new sentence is more severe than the original sentence.' [Citation.]" However, the prosecution makes no argument as to why we should treat resentencing for illegality any differently for purposes of retroactivity. Instead, the prosecution simply relies on *People v. Federico, supra,* 50 Cal.App.5th 318, the case which this division refused to follow in *People v. Hwang, supra,* 60 Cal.App.5th at page 543.

831, 834, 836 [when the trial court resentences the defendant due to an illegal sentence, the court may reconsider all sentencing choices; the original illegal sentence is void and the court may rethink the entire sentence].) The only sentence that matters after resentencing for illegality is the new sentence, which is not final because the resentenced defendant may still obtain appellate review.[7]

---

[7] We are also guided by our Supreme Court's recent opinion in *People v. Esquivel, supra,* 11 Cal.5th 671 [2021 WL 2461206]. The high court had previously held that, where a defendant is placed on probation with imposition of sentence suspended, the sentence is not yet final if the defendant may still obtain direct review of an order revoking probation and imposing sentence. (*People v. McKenzie* (2020) 9 Cal.5th 40, 46.) In *Esquivel*, it held that the same rule applies if the defendant is place on probation with the prison sentence imposed but execution suspended. (*Esquivel,* at p. ___ [2021 WL 2461206, at *1].) In considering the presumed legislative intent of Senate Bill 136, the court stated, "We see no persuasive reason to presume that the Legislature would wish to extend the benefit of ameliorative legislation to suspended-imposition defendants whose probation is revoked (per *McKenzie*), but not to suspended-execution defendants whose probation is revoked. Accordingly, we conclude that legislation ameliorating punishment presumptively applies to suspended execution cases pending on appeal from an order causing a previously imposed sentence to take effect." (*Id.* at p. ___ [2021 WL 2461206 at p. *6].) The present sentencing does not involve either type of probationary sentence discussed in *Esquivel.* Nevertheless, we see no reason why the Legislature would "wish to extend the benefit" of Senate Bill No. 136 to defendants who are resentenced under section 1170, subdivision (d)(1), but not to defendants who are resentenced following a late-discovered illegal sentence.

8

Defendant's resentencing reopened the issue of finality and rendered him eligible for relief under Senate Bill No. 136. We modify defendant's sentence accordingly.

## 2. *The Term for Possession for Sale of Cocaine Base Was Erroneous*

We asked the parties for further briefing on whether the term imposed for possession for sale of cocaine base (Health & Saf. Code, § 11351.5) on resentencing was erroneous. In 2012, when defendant committed the offense the sentencing triad was 3, 4 or 5 years. The statute was amended effective 2015, reducing the triad to 2, 3, or 4 years. (Stats. 2014, ch. 749, § 3.) When the amendment went into effect in 2015, defendant's case was pending on appeal. He was therefore entitled to the benefit of the statutory reduction in punishment. (See *People v. Keith* (2015) 235 Cal.App.4th 983, 985.) Both parties agree the sentence should be recalculated.

To recap, in 2020, when the court corrected the sentence to impose a principal determinate term of the middle term on this offense doubled, the sentence should have been three years, doubled to six; not four years, doubled to eight. We make the necessary modification in our Disposition.

## DISPOSITION

The judgment is modified as follows: (1) as to count 7, possession of cocaine base, defendant's sentence is modified from 8 years (4 years doubled) to 6 years (3 years doubled); and (2) as to count 1, assault with a firearm, the one-year prior prison term under section 667.5, subdivision (b) is stricken. The trial court is directed to prepare a new abstract of judgment reflecting these changes. The clerk shall forward the new abstract to the

Department of Corrections.  As modified, the judgment is affirmed.


                                    RUBIN, P. J.

WE CONCUR:


        BAKER, J.



        MOOR, J.


10