Filed 1/25/16  P. v. Robinson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B259143 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA132346) |
| v. | |
| KEVIN ROBINSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Laura F. Priver, Judge.  Reversed in part, affirmed in part, and remanded with directions.

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Michael R. Johnsen, Steven E. Mercer, and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Kevin Robinson appeals from the judgment entered following a jury trial that resulted in his conviction of cocaine base possession for sale (Health & Saf. Code, §11351.5; count 2)[1] and a court finding that he had suffered a prior conviction that qualified as a strike under the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).[2]  He was sentenced to prison for eight years, consisting of the four-year middle term on his conviction, which was doubled for his strike.  The trial court awarded defendant 353 days of precommitment credit, consisting of 177 custody days and 176 conduct credit days.

Defendant contends he is entitled to discovery of documents pertaining to his theory the police planted the contraband on his person (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*)), and, for this reason, he requests this court review the in camera *Pitchess* hearing transcript and remand the matter for further proceedings if any material in the police personnel records was improperly withheld.  He also contends he is entitled to have his sentence reduced to the three-year middle term pursuant to section 11351.5, as amended, and his precommitment credit award corrected to reflect a total of 416 days.

Respondent concedes review by this court is appropriate and that the abstract of judgment should be amended to reflect a total credit award of 416 days.  Respondent also concedes defendant is entitled to a reduced sentence pursuant to the amended section 11351.5 but contends the trial court should determine the appropriate sentence.

Our independent review of the *Pitchess* hearing transcript establishes the trial court did not improperly withhold any documents to which defendant is entitled to discovery.  We conclude section 11351.5, as amended pursuant to the California Fair Sentencing Act (or Act), applies to cocaine base possession for sale offenses committed

---

[1]     All further section references are to the Health and Safety Code unless otherwise indicated.  Count 1 (§ 11352, subd. (a) [cocaine base sale/transportation]), following a mistrial, and the gang allegation (Pen. Code, § 186.22, subd. (b)(1)) as to each count were dismissed.

[2]     The trial court dismissed a separate strike allegation (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497).

prior to the effective date of the Act. This statute operates to reduce defendant's sentence; neither the statute itself nor its legislative history indicates the statute applies only to crimes committed on or after its effective date; the statute contains no savings clause; and defendant's judgment is not yet final. Defendant therefore is entitled to the benefit of the ameliorative provisions of section 11351.5, as amended by the Act, although he committed the crime before its effective date. Contrary to defendant's claim he is entitled to the three-year middle term, the matter must be remanded for resentencing. The discretion resides with the trial court to determine whether to impose the two-year low term, the three-year middle term, or the four-year upper term. On remand, the trial court also is directed to recalculate defendant's precommitment credit award.

We reverse defendant's sentence and remand the matter for resentencing under the Act and the Three Strikes law and for recalculation of his precommitment credit award. In all other respects, we affirm the judgment.

BACKGROUND

On February 28, 2014, defendant was transported to the police station following his arrest on a 2013 narcotics charge.[3] At the station, while handcuffed to a bench awaiting processing, he began fidgeting and appeared to try inserting his hand in the back of his pants. During a body search, the police retrieved a plastic bag containing rocks of cocaine base weighing 2.61 grams from the area of defendant's waistband between his underwear and buttocks. In a pants pocket, $160 in $20 bills was recovered. Defendant possessed the cocaine base for sale. He did not present any evidence at trial.

---

[3]    The following factual recital does not include facts regarding the 2013 incident charged in the dismissed count 1 or the dismissed gang allegation.

3

DISCUSSION

1. *No Violation of* Pitchess *Discovery Shown*

Defendant requests this court review the *Pitchess* in camera hearing transcript to determine whether any material relevant to his anticipated defense was incorrectly withheld. We have conducted our independent review. No such material was withheld.

When a defendant shows the materiality of the discovery sought to the subject matter of the litigation and asserts a reasonable belief the agency has pertinent information, the "defendant has established good cause for *Pitchess* discovery, entitling him to the trial court's in-chambers review of the arresting officers' personnel records relating to making false arrests, planting evidence, fabricating police reports or probable cause, and committing perjury." (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1016, 1026-1027.) The trial court's ruling on a *Pitchess* motion is reviewed for abuse of discretion. (*Pitchess*, *supra*, 11 Cal.3d 531, 534, 535.) Upon request, an appellate court may conduct an independent review of the transcript of the in camera hearing to determine whether any documents in the sealed police personnel records were withheld improperly. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1232.)

In his *Pitchess* motion, defendant sought discovery of the Los Angeles Police Department personnel records of Detectives Armando and Reyes and Officer Stauffer, who were percipient witnesses to the discovery of the cocaine base on defendant's person, as to complaints and allegations of acts regarding dishonesty, false arrest, and fabrication of charges or evidence by these officers. Defendant "strenuously" denied he possessed any kind of contraband on February 28, 2014, and alleged the officers planted the contraband.

During the in camera hearing, the trial court granted the *Pitchess* motion in part. The hearing transcript reflects the relevant facts as to the complaints disallowed. Based on our independent review of this transcript, we conclude these complaints were not improperly withheld from the defense.

4

2. *Section 11351.5, as Amended by Act, Applies Retroactively*

Defendant contends he is entitled to have his four-year middle term sentence reduced to a three-year middle term pursuant to the Act. Respondent concedes the Act applies to defendant's sentence and contends the matter should be remanded for the trial court to determine the new sentence to be imposed. We conclude the California Fair Sentencing Act applies to a cocaine base possession for sale crime committed prior to its effective date, i.e., January 1, 2015, where the judgment is not yet final. Defendant's crime was committed prior to the Act's effective date, and the judgment, which is on appeal, is not yet final. Defendant therefore is entitled to be resentenced under the Act.

a. *California Fair Sentencing Act Retroactive*

"A criminal statute is amended after the prohibited act is committed but before final judgment by mitigating the punishment. What statute prevails as to the punishment—the one in effect when the act was committed or the amendatory act?" (*In re Estrada* (1965) 63 Cal.2d 740, 742 (*Estrada*).) In *Estrada*, the Court held "in such situations the punishment provided by the amendatory act should be imposed." (*Ibid*.)

Section 11351.5 specifies the punishment for possession of cocaine base for sale. Defendant was sentenced to prison to the four-year middle term. On February 28, 2014, the date he committed the crime, the punishment for cocaine base possession for sale ranged from a three-year low term, a four-year middle term, to a five-year upper term. On September 28, 2014, the Legislature enacted the California Fair Sentencing Act, which amended section 11351.5 to reduce the punishment to a two-year low term, a three-year middle term, and a four-year upper term. This amendment became effective January 1, 2015. (Stats. 2014, ch. 749, §§ 1, 3.)

The purpose of the California Fair Sentencing Act is remedial in that "[a]ccording to the author, '[the Act] will correct the groundless disparity in sentencing, probation and asset forfeiture guidelines for possession of crack cocaine for sale versus the same crime involving powder cocaine that has resulted in a pattern of racial discrimination in sentencing and incarceration in California." (Sen. Rule Com. Off. of Sen. Floor

5

Analyses, 3d reading analysis of Sen. Bill No. 1010 (2014 Reg. Sess.), as amended Aug. 11, 2014, p. 4.)

In enacting the California Fair Sentencing Act, the Legislature found and declared that "cocaine hydrochloride (powder cocaine) and cocaine base (crack cocaine) are two forms of the same drug, the effects of which on the human body are so similar that to mete out unequal punishment for the same crime (e.g., possession for sale of a particular form of cocaine), is wholly and cruelly unjust." (Stats. 2014, ch. 749, § 2, subd. (a).) The Legislature's stated intent in enacting the Act is "to provide that for the purposes of determining appropriate penalties for crimes relating to cocaine hydrochloride and cocaine base, including, but not limited to, the crime of possession, possession for sale, or transportation for sale, cocaine hydrochloride and cocaine base shall be treated in an identical manner." (Stats. 2014, ch. 749, § 2, subd. (b).)

Section 11351.5, as amended by the Act, does not on its face specify whether it applies only to convictions for cocaine base possession for sale committed on or after January 1, 2015, the Act's effective date.[4] (Cf. *People v. Stankewitz* (1990) 51 Cal.3d 72, 109 [1978 death penalty initiative "intended to be 'purely prospective in effect'"]; *People v. Holland* (1983) 141 Cal.App.3d 795, 797 [Legislature "specifically declared . . . intent that the amendment to Penal Code section 487 . . . not apply retroactively"]; *People v. McNulty* (1892) 93 Cal. 427, 436 ["express saving clause by which past offenses might be punished under the law as it stood at the time of their commission"].) The legislative history of the Act also does not directly speak to this issue. This issue, however, was addressed in *People v. Keith* (2015) 235 Cal.App.4th 983 (*Keith*).

In *Keith*, the defendant was convicted of possessing on March 24, 2013, cocaine base for sale and was sentenced to the five-year upper term pursuant to former section

---

[4]     As amended by the Act, section 11351.5 provides: "Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale cocaine base, which is specified in paragraph (1) of subdivision (f) of Section 11054, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for a period of two, three, or four years."

11351.5.  The court concluded:  "The 2014 amendment to . . . section 11351.5 mitigates punishment, there is no savings clause and the judgment against [defendant] is not yet final.  Therefore, the amended version of the statute applies to him."  (*Id*. at p. 985, citing *Estrada*, *supra*, 63 Cal.2d 740, 745; *People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1195–1196; *People v. Nasalga* (1996) 12 Cal.4th 784, 787, 789–798.)

In view of this cogent reasoning, which we find persuasive, and the absence of indicia of a contrary intent as evidenced by the Act's language or its legislative history, we conclude the remedial California Fair Sentencing Act applies when the cocaine base possession for sale crime was committed prior to the effective date of the Act, i.e., January 1, 2015, and the judgment is not yet final.  Defendant therefore is entitled to be resentenced pursuant to amended section 11351.5, because the judgment is on appeal and, thus, not yet final.

c.  *Remand for Resentencing Mandated*

Defendant contends remanding this matter for the trial court to impose his sentence under the Act would be a futile gesture, because he is entitled to be sentenced to the three-year middle term in view of his original sentence for the middle term.  We are not persuaded.  Whether to impose the two-year low term, the three-year middle term, or the four-year upper term under the Act rests within the sound discretion of the trial court, not this reviewing court.  (See also *Keith*, *supra*, 235 Cal.App.4th 983, 986 [resentencing upon remittitur issuance].)

3.  *Recalculation of Precommitment Credits on Remand*

Defendant contends he is entitled to 63 days of credit in addition to the 353 days awarded, because he was in jail following his arrest on February 28, 2014, and remained there until September 23, 2014, the date of sentencing.  He recalculates his credit award to be a total of 416 days, consisting of 208 custody days plus 208 conduct days.  Respondent concedes this point and "requests the abstract of judgment be amended to reflect the appropriate credit.

"[A] defendant or pretrial detainee confined in local custody may be eligible to earn credits for good conduct from the date of arrest and prior to the imposition of

7

sentence for a felony conviction at the rate of two additional days for every four of actual custody. [Citation.] The sentencing court is responsible for calculating the number of days the defendant has been in custody before sentencing and for reflecting the total credits allowed on the abstract of judgment. [Citation.]" (*People v. Black* (2009) 176 Cal.App.4th 145, 154.)

"Abstracts of judgment in matters imposing imprisonment in state prison are [simply] orders sending the defendant to prison and imposing the duty upon the warden to carry out the judgment. [Citations.]" (*People v. Hong* (1998) 64 Cal.App.4th 1071, 1076.) The trial court may "be in a better position than an appellate court to correct a particular error" in the calculation of precommitment credits. (*People v. Mitchell* (2001) 26 Cal.4th 181, 187-188.) In the case of a clerical error, however, correction of the error by the reviewing court may be appropriate when other issues are to be resolved on appeal. (*People v. Acosta* (1996) 48 Cal.App.4th 411, 427-428.)

We decline to address the credits issue. Judicial economy is best served by directing the trial court to resolve this issue at the same time that court exercises its discretion in imposing a new sentence pursuant to section 1135.5, as amended by the Act.

DISPOSITION

Defendant's sentence is reversed and the matter is remanded to the trial court with directions to resentence defendant in accordance with section 11351.5, as amended by the Act, and the Three Strikes law and to recalculate defendant's precommitment award. In all other respects, the judgment is affirmed.

The trial court is to direct the superior court clerk to prepare an amended abstract of judgment reflecting that sentence and the amended award of precommitment credits and to deliver copies to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:

ASHMANN-GERST, J.          HOFFSTADT, J.

8